UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ONE (1) 65' HATTERAS SPORT FISHER
YACHT KNOWN AS M/V "BEST BET"
(HULL NO. HATDA351C989), AND

ONE (1) WEST MARINE DINGHY
(HULL NO. WMPEX056C525),

        Defendants *In Rem*.

_____/

**<u>VERIFIED COMPLAINT FOR FORFEITURE *IN REM*</u>**

Plaintiff, the United States of America (the "United States"), by and through its undersigned counsel, alleges upon information and belief as follows:

**I.    NATURE OF THE ACTION**

1.    This is a civil action *in rem* under 21 U.S.C. § 881(a)(4), the procedures set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Federal Rules of Civil Procedure, and 18 U.S.C. § 983, to forfeit property, which was used or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment  of controlled substances.

2.    The property consists of, one (1) 1989 65' Hatteras Sport Fisher Yacht, Hull No. HATDA351C989, bearing the name "Best Bet," ("DEFENDANT M/V BEST BET") and one (1) West Marine Dinghy, Hull No. WMPEX056C525, ("DEFENDANT DINGHY,"

and collectively, "DEFENDANT VESSELS"), which are currently in the custody of the United States and depicted in the photos below:





## II.   JURISDICTION AND VENUE

3.      This Court has jurisdiction over this subject matter. *See* 28 U.S.C. §§ 1345, 1355(a), and 2461(a).

2

4.     This Court has *in rem* jurisdiction over the Property. *See* 28 U.S.C. §§ 1345, 1355(b).

5.     Venue for this action is proper in the Southern District of Florida because the acts or omissions giving rise to the forfeiture occurred in this District, and the related criminal prosecution was brought in this District. *See* 21 U.S.C § 881(j); 28 U.S.C. §§ 1355(b)(1)(A), 1395(b).

## III.   FACTUAL ALLEGATIONS

6.     Law enforcement agents working an investigation into the narcotics trafficking routes between the Dominican Republic and South Florida received information about an inbound vessel carrying a multi-hundred kilo load of cocaine.

7.     On or about December 2, 2025, approximately six (6) nautical miles offshore of Government Cut in Miami, Florida, the United States Coast Guard ("USCG") located the DEFENDANT M/V BEST BET[1], which was traveling westbound from international waters, consistent with the general description, trajectory, and timing given to law enforcement agents.

8.     A safety inspection of the DEFENDANT M/V BEST BET was conducted by USCG, and U.S. Customs Border Protection- Air and Marine Operations Marine Interdiction agents joined.

9.     During the inspection, agents identified the three individuals on board the DEFENDANT M/V BEST BET as Erasme Catalino Paulino Rodriguez ("Paulino

---

[1] The DEFENDANT DINGHY was aboard the DEFENDANT M/V BEST BET at all times relevant to the factual allegations set forth herein.

Rodriguez"), Joseito Dias De Oleo ("Dias De Oleo"), and Ober Alexander Villavicencio Jimenez ("Villavicencio Jimenez").

10.     The DEFENDANT M/V BEST BET was escorted to USCG Miami Beach by Air and Marine Operations for further inspection.

11.     A K9 inspected the DEFENDANT M/V BEST BET, and the K9 alerted to the presence of narcotics on the DEFENDANT M/V BEST BET.

(This portion of the page is intentionally left blank.)

12.     Agents searched the DEFENDANT M/V BEST BET and located over 1,300 packages in various compartments throughout the DEFENDANT M/V BEST BET that contained approximately 1,693 kilograms of cocaine.   Some of these packages found by agents in compartments are shown in the photos below:



13.     On or around December 17, 2025, the United States indicted Paulino Rodriguez, Dias De Oleo, and Villavicencio Jimenez in *United States v. Paulino Rodriguez, et al.*, Case No. 25-CR-20541-GAYLES.

14.     On April 20, 2026, Paulino Rodriguez, Dias De Oleo, and Villavicencio Jimenez each respectively pled to one count of conspiring with others to import more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 952(a) and 963.

## IV.     BASIS FOR FORFEITURE

15.     Under 21 U.S.C. § 881(a)(4), all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9) of 21 U.S.C. § 881, are subject to forfeiture. As relevant here, paragraph 9 describes such property as follows:

> (9) all listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of this subchapter or subchapter II.

21 U.S.C. § 881(a)(9).

16.     Cocaine is a listed chemical, a Schedule II controlled substance under 21 U.S.C. § 812.

17.     Under 21 U.S.C. § 881(h), all right, title, and interest in property described in 21 U.S.C. § 881(a) vests in the United States upon commission of the act giving rise to forfeiture.

**CLAIM FOR RELIEF**
**Conveyance Used to Transport and Conceal Cocaine**
**(21 U.S.C. § 881(a)(4))**

18.     The factual allegations in paragraphs 1 to 13 are re-alleged and incorporated by reference herein.

19.     As set forth above, the DEFENDANT VESSELS were used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of cocaine, a listed chemical, which was possessed or intended to be imported in violation of 21 U.S.C. § 952(a).

20.     Accordingly, the DEFENDANT VESSELS are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

**WHEREFORE**, Plaintiff, the United States of America that notice of this action be provided to persons known or thought to have an interest in or right against the DEFENDANT VESSELS; that the DEFENDANT VESSELS be forfeited and condemned to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:     *s/ Annika M. Miranda*
        Annika M. Miranda
        Assistant United States Attorney
        Florida Bar No. 64975
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9303
        Facsimile: (305) 536-4089
        annika.miranda@usdoj.gov

7

## **VERIFICATION**

I, Stefanie Arinus, hereby verify and declare, under penalty of perjury, that I am a Special Agent with Homeland Security Investigations, currently assigned to the Miami Maritime Border Enforcement Security Task Force, which focuses on maritime narcotics investigations, and that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as the Homeland Security Investigations Special Agent.

Executed on this __30___ of April 2026.

_____
Stefanie Arinus
Special Agent, Homeland Security Investigations